EDWARD JONES, APPELLANT, v. G. B. POST, GEORGE
  T. UPHAM & JOSEPH A. POST, RESPONDENTS. *4 - 408*

[1] WITNESS, COMPETENCY OF,—Sections 392 and 393 of the Practice Act are to be
    construed so as to exclude testimony, when the witness would be directly
    benefited by it.

APPEAL from the Fourth Judicial District.

This was a suit upon a bond for $7,725, executed by de-
fendants to one Wood, and assigned by Wood to plaintiff.
It was conditioned for the delivery of 3,000 sheep, sold by
one Thompson to Wood. The defendants denied all the
allegations of the complaint.

Upon the trial it was admitted that the bond and con-
tract were duly executed, and that Wood had paid Thomp-
son $3,862.50 on account of the contract, for the sale of
the sheep; that Wood, believing Thompson had not com-
plied with his part of the contract, had given notice to
defendants, as the agents of Thompson, that the contract
was rescinded. Plaintiff proved that Wood assigned the
bond and contract to him. He then offered Wood as a
witness to prove the failure of Thompson to deliver the
sheep according to the contract.

The defendants then moved the Court to reject the evi-
dence of Wood, and to nonsuit the plaintiff, both of which
motions the Court granted, and plaintiff appealed.

*Lockwood & Hammond,* for Appellant.

*Hackett & Judah,* for Respondents.

*Mr. Ch. J. MURRAY delivered the opinion of the   [15]
Court. Mr. J. HEYDENFELDT concurred.

This appeal is prosecuted from a judgment of nonsuit.
On the trial of the cause, which was an action upon a bond,

conditioned for the performance of a contract, Wood, the original obligee, was admitted as a witness, and testified that he had assigned his interest in said bond, and all the rights appertaining thereto, to the present plaintiff, to secure an indebtedness from him to the plaintiffs, and that any judgment which the plaintiff might obtain would go to satisfy such indebtedness, and the overplus, if any, would properly belong to his other creditors or himself. The Court afterwards struck out the testimony of Wood, and entered a judgment of nonsuit.

We have repeatedly given a judicial construction to the 392d–3d section of the Practice Act, and, according to the rule heretofore laid down, the testimony was properly excluded, as it was shown that the witness would be directly benefited by it, in having whatever judgment was recovered applied to the payment of his liabilities.

Striking out his testimony, there is no evidence to establish the fact that Thompson agreed to deliver the sheep at the time they were demanded, or that this portion of the contract was violated in any manner by Thompson.

This disposes of the case, and renders it unnecessary for us to determine whether the undertaking executed by the defendants is within the Statute of Frauds or not.

Judgment affirmed.